## GEORGE v. MILES.

(Supreme Court, Appellate Term, First Department. December 9, 1912.)

ATTACHMENT (§ 113*)—AFFIDAVITS—SUFFICIENCY.

> Under Code Civ. Proc. § 3169, subd. 3, providing that attachment shall issue upon proof that the defendant is about to remove property from the state with intent to defraud his creditors, an affidavit charging that the defendant told affiant that he wanted to leave for Washington, and thence go to California, where he intended to remain, and that affiant knew him to be irresponsible, and that his only purpose in leaving the state was to remove his property with intent to defraud his creditors, will not warrant the issuance of an attachment; it not authorizing the inference that defendant intended to defraud his creditors and not stating any facts tending to establish fraudulent intent.

> [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311; Dec. Dig. § 113.*]

Appeal from City Court of New York, Special Term.

Action by Lennie L. George against Herbert Miles. From a judgment denying his motion to vacate an attachment, defendant appeals. Reversed and remanded.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Graham & Stevenson, of New York City, for appellant.

House, Grossman & Vorhaus, of New York City (Gerald B. Rosenheim, of New York City, of counsel), for respondent.

SEABURY, J. The court below denied a motion made by the defendant to vacate a warrant of attachment granted against the prop-

erty of the defendant. The warrant of attachment was obtained under subdivision 3 of section 3169 of the Code of Civil Procedure, which provides that the warrant shall issue upon proof—

"that the defendant, if an adult, has removed or is about to remove, property from the state, with intent to defraud his creditors, or that he has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete property, with the like intent."

The papers upon which the warrant was obtained are insufficient. The plaintiff's assignor in his affidavit states that the defendant told him that he—

"wanted to leave Friday night for Washington, where he would remain until Wednesday of next week, and that then he intended to go to California to remain."

In the same affidavit, the affiant also states:

"I know that the defendant is absolutely irresponsible and unable to answer for his debts, and his only purpose in leaving the state is to avoid payment of his lawful debts, and to remove his property with intent to defraud his creditors."

The fact that the defendant said that he was going to leave the state does not justify the inference that he intended to defraud his creditors, or to remove his property from the state with such intent. The other allegation quoted from the affidavit of the plaintiff's assignor contains no allegation of fact, and does not serve to prove the intent with which the defendant was about to leave the state. The allegation referred to was merely the conclusion of the affiant, and not proof of any fact tending to establish fraudulent intent on the part of the defendant. The affidavits served in answer to those upon which the defendant moved to vacate the attachment add nothing which is material to the allegations contained in the affidavits upon which the warrant was granted.

Order reversed, with $10 costs and disbursements, and motion to vacate the warrant of attachment granted, with $10 costs. All concur.